OPINION
On September 27, 1995, the Morgan County Grand Jury indicted appellant, Trent Stevens, on two counts of felonious assault in violation of R.C. 2903.11, one count of felonious assault upon a peace officer in violation of R.C. 2903.11, one count of intimidation in violation of R.C. 2921.03 and one count of improperly discharging a firearm into a habitation in violation of R.C. 2923.161. On December 20, 1995, appellant was found incompetent to stand trial. Appellant was restored to competency on October 23, 1996. On September 23, 1997, appellant pled guilty to assaulting a peace officer, intimidation and improperly discharging a firearm. By entry filed same date, the trial court sentenced appellant to an aggregate term of seven and one half years in prison. On January 3, 2000, appellant filed a motion for jail time credit requesting credit for his days spent in a mental health facility for competency evaluation. By journal entry filed January 6, 2000, the trial court denied said motion. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT HAS DISCRIMINATED AGAINST THE APPELLANT BY NOT ACCREDITING HIM THE (10) MONTHS JAILTIME THAT HE STAYED IN THE CAMBRIDGE STATE DEVELOPMENTAL HOSPITAL FOR A COMPETENCY TEST TO STAND TRIAL.
 I
Appellant claims pursuant to R.C. 2945.37 and R.C. 2945.38(D), the trial court erred in failing to give him credit on his sentence for the ten months he spent at the Cambridge State Developmental Hospital for competency evaluation. We agree. Appellant's confinement at the mental health facility was made pursuant to R.C. 2945.38(D). See, Journal Entry filed December 22, 1995. Within said entry, the trial court ordered the following: IT IS FURTHER ORDERED, that while he is confined at the Cambridge Mental Hospital, Defendant shall not be permitted to be outside of any buildings of the facility without the placement upon Defendant of leg irons and hand cuffs. The Court finds that said restrictions are the least restrictive alternative of confinement in accordance with § 2945.38(D) of the Ohio Revised Code.
R.C. 2948.38(I) provides for credit for evaluation and treatment time and states as follows: A defendant convicted of a crime and sentenced to a jail or workhouse shall have his sentence reduced by the total number of days he is confined for examination to determine his competence to stand trial or treatment under this section and sections 2945.37 and 2945.371 [2945.37.1] of the Revised Code.
Upon review, we hereby sustain the assignment error and order the trial court to compute the days of appellant's confinement under R.C. 2945.38(D) and order credit for that time.
The sole assignment of error is granted. The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby reversed and remanded.
 _________________________ FARMER, J.